UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COSMOGRAPHIC SOFTWARE, LLC,

Plaintiff,

v.

Case No. 23-cv-13052
HON. MARK A. GOLDSMITH

SETH FRANKLIN,

Defendant.
_________________________________/

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR COMMENCEMENT OF CRIMINAL CONTEMPT PROCEEDINGS (Dkt. 58)**

Before the Court is Plaintiff Cosmographic Software, LLC's motion for commencement of criminal contempt proceedings against Defendant Seth Franklin (Dkt. 58).[1] Although the Court discerns potential merit for the relief sought by the motion, the presentation set out in the motion is not adequate for full consideration of the serious issues that Cosmographic raises. Therefore, the Court denies the motion, but does so without prejudice to Cosmographic being permitted to file a properly supported motion.

Cosmographic, a software development company, filed this lawsuit in December of 2023 alleging that Franklin, a former contractor and member, had evaded Cosmographic's IT security measures through a "back-door" that he created for himself, to obtain Cosmographic's "confidential and proprietary information, trade secrets, Discord server, sub-Reddit forums, Steam forum, and other associated platforms and significant portions of their associated data." Compl.

[1] Franklin did not respond to Cosmographic's motion. The Court held a Zoom hearing on the motion on September 8, 2026, at which Franklin appeared.

at PageID.2 (Dkt. 1). Cosmographic's complaint contains nine counts against Franklin, alleging breach of contract, breach of fiduciary torts, and a variety of torts.[2]

Four days after the complaint was filed, the Court issued a temporary restraining order and an order to show cause as to why a preliminary and permanent injunction should not be issued. 12/5/23 Temporary Restraining Order (Dkt. 5). Despite being personally served with the show cause order requiring his attendance at a hearing set for December 11, 2023, Franklin did not appear on that date; a preliminary injunction was then issued. 12/18/23 Preliminary Injunction at PageID.163 (Dkt. 9).

The two injunctive orders required Franklin, among other things, not to destroy the Cosmographic assets in his possession, to return them, and not to transfer them to third parties. 12/5/23 Temporary Restraining Order at PageID.152–156; 12/18/23 Preliminary Injunction at PageID.165–170. In a motion for civil contempt filed shortly after issuance of the orders, (Dkt. 11), Cosmographic alleged non-compliance with these commands and other provisions of the orders. A civil contempt order was entered, followed by a consent judgment (Dkts. 20, 31).

But peace did not prevail, and a second civil contempt motion was filed shortly thereafter (Dkt. 35), which was promptly followed by Franklin filing for bankruptcy (Dkt. 37). This case was then stayed for roughly a year. 3/12/24 Order Staying Case (Dkt. 38). The stay was lifted when the bankruptcy court determined that Franklin's obligations established in this case were

[2] Count I is for theft and misappropriation of trade secrets in violation of 18 U.S.C. § 1836(b); Count II is for misappropriation of trade secrets in violation of Mich. Comp. Laws § 445.1901, et seq.; Count III is for breach of contract; Count IV is for business defamation in violation of Mich. Comp. Laws § 600.2911; Count V is conversion in violation of Mich. Comp. Laws § 600.2919a; Count VI is unjust enrichment; Count VII is tortious interference with a business expectancy; Count VIII is breach of fiduciary duties; Count IX is a request for preliminary and permanent injunctive relief. Compl. ¶¶ 22–76.

non-dischargeable. 3/12/25 Notice at PageID.380–403 (Dkt. 39). Another round of negotiations bore no fruit, prompting Cosmographic to file the instant motion for criminal proceedings.

The initiation of a criminal contempt proceeding is, of course, a very serious step to take. See Bloom v. Illinois, 391 U.S. 194, 201 (1968) ("Criminal contempt is a crime in the ordinary sense[.]"). Successful prosecution can lead to a custodial sentence, fines, or both. 18 U.S.C. § 401. Given those stakes, criminal contempt requires a demonstration of willful disregard of a court order. See United States v. Allen, 73 F.3d 64, 67 (6th Cir. 1995) ("Knowledge or notice of a court order in question and a willful disobedience of that order are essential elements of criminal contempt."). Further, criminal contempt must be "prosecuted on notice stating the essential facts constituting the contempt charged." United States v. United Mine Workers of Am., 330 U.S. 258, 296 (1947) (citing Fed. R. Crim. P. 42).

In reviewing Cosmographic's motion, the Court concludes that the motion lacks the specificity required so that "the essential facts" of the contempt charge can be formulated in a proper notice under Rule 42. When discussing Franklin's alleged violations of the Court's orders, the motion does not specify which provision of each order Cosmographic claims Franklin to have violated. It is not sufficient to state generally that Cosmographic "has sought this Court's assistance in forcing Franklin to return confidential and proprietary information, including trade secrets, digital and other assets." Mot. to Commence Crim. Contempt at PageID.525. This kind of broad pronouncement and other similar statements in the motion do not explain specifically what provision of which order Cosmographic alleges Franklin violated.[3]

[3] Pursuant to the Court's September 8, 2026 Order (Dkt. 61), Cosmographic filed a proposed opinion (Dkt. 63-1), which does supply more detail, but that filing does not clearly delineate the particular provisions of which order Cosmographic contends form the basis for a contempt charge.

Cosmographic's motion also fails to supply appropriate evidentiary support as to each violation that Cosmographic claims Franklin committed. For example, it recently filed a second declaration of its CEO, Alexander Long, to support its motion. Long Declaration at PageID.535–537 (Dkt. 58-2). But the declaration is noncompliant with 18 U.S.C. § 1746, which requires that a declaration be dated. Id.[4]

That leaves an earlier Long declaration, which was properly dated. 2/29/24 Long Declaration at PageID.314–318 (Dkt. 35-2). However, that declaration addresses only some—not all—of the alleged contumacious acts that Cosmographic claims Franklin has committed. For example, acts that post-date this earlier declaration could not, and are not, addressed in it.

Further, to the extent Cosmographic is arguing that Franklin's admissions in his own declarations supply a sufficient evidentiary basis for the motion, it fails to identify which provisions of his declarations explicitly acknowledge non-compliance with the Court's orders. Cosmographic argues that in his second declaration, (Dkt. 49), Franklin "admits that he knowingly transferred Cosmographic's r/spaceengine subreddit to unidentified third parties rather than to Cosmographic, in direct violation of the Court's directive." Mot. to Commence Crim. Contempt at PageID at PageID.528. But Cosmographic fails to identify where in Dkt. 49 Franklin makes any such admissions. United Mine Workers of Am., 330 U.S. at 296.

---

[4] Even if the second Long declaration were corrected by insertion of a date, it raises questions about the facts it purports to address. For example, it states that Franklin was "required to provide a complete inventory and accounting of all Cosmographic assets and information in his possession or control" but that he has "never produced any such inventory or accounting." Long Declaration at PageID.537. However, this statement seems at odds with Franklin's inventory list found attached to his response to Cosmographic's second civil contempt motion. Inventory at PageID.488–489 (Dkt. 49). Cosmographic does not explain why, or provide evidence how, Franklin's provided inventory is non-compliant with the orders. That may be an issue Cosmographic could clarify in a new motion.

Nor does Cosmographic identify the evidence that demonstrates Franklin's willfulness in disobeying all of the provisions Cosmographic points to as bases for a contempt charge. Given that willfulness is an element of a contempt charge, evidence of willfulness applicable to the contumacious acts is a necessary component in support of a motion to initiate contempt proceedings.

In addition, as pointed out at the hearing on the motion, Cosmographic alleges that Franklin may have committed crimes beyond contempt. If these are to be the subject of a referral to the United States Attorney for his investigation, such allegations need to be made specifically, with evidentiary support supplied.

Because of these deficiencies, the Court concludes that the motion should be denied without prejudice, giving Cosmographic the opportunity to file a properly supported motion.

**SO ORDERED.**

Dated: September 30, 2026
Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 30, 2026.

s/Joseph Heacox
JOSEPH HEACOX
Case Manager